FILED

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
(Alexandria Division)

2015 MAY 21  P 3: 26

CLERK US DISTRICT COURT
ALEXANDRIA, VIRGINIA

SANTORINI CAPITAL LLC )
2000 Massachusetts Avenue NW )
Washington, DC 20036 )
 ) Case No. 1:15cv659
 ) TSE/IDD
    Plaintiff, )
 )
 v. )
 )
LULSEGED GUADIE )
3101 N. Hampton Drive )
Suite 1110 )
Alexandria, VA 22302 )
 )
    Defendant. )
_____)

## COMPLAINT

COMES NOW Plaintiff Santorini Capital LLC ("Santorini"), by undersigned counsel, and for its Complaint against Lulseged Guadie ("Guadie") avers:

### PARTIES AND JURISDICTION

1. Santorini is a District of Columbia limited liability company.

2. Upon information and belief, Guadie is a natural person and resident of the Commonwealth of Virginia.

3. This Court has personal jurisdiction over Guadie as he is a resident of the Commonwealth.

4. This Court has subject matter jurisdiction in this action pursuant to 28 U.S.C. § 1332 as this is a dispute between citizens of different states and the matter in controversy exceeds $75,000.00.

5. Venue properly lies in the Eastern District of Virginia.

## FACTUAL ALLEGATIONS

<u>M Street Lofts LLC Notes</u>

6. M Street Lofts LLC ("Lofts LLC"), an entity owned and or controlled by Gaudie, borrowed the aggregate sum of $1,267,950 from Santorini, as evidenced by those two separate Deed of Trust Notes dated December 17, 2013, one in the original principal amount of $1,185,000 ("Note 1") and the other in the original principal amount of $82,950 ("Note 2"). True and correct copies of Note 1 and Note 2 are attached as <u>Exhibit 1</u> and <u>Exhibit 2</u>, respectively, and their terms are incorporated by this reference. (Sometimes hereinafter, Note 1 and Note 2 are collectively referred to as the "Lofts LLC Notes.")

7. The Lofts LLC Notes were secured by a Purchase Money Deed of Trust and Security Agreement dated January 10, 2014 from Lofts LLC for the benefit of Santorini in the aggregate amount of $1,267,950 on property commonly known as 2005 M Street, N.E., Washington, D.C. 20002 ("2005 M St.") and recorded with the Washington, D.C. Recorder of Deeds on January 16, 2014 as Instrument No. 2014004587 (the "Lofts LLC DOT").

8. The Lofts LLC Notes were further secured by Guadie's unconditional guarantee of the punctual payment and performance by Lofts LLC, of all of the obligations set forth in the Lofts LLC Notes, as evidenced by that certain Guaranty dated December 17, 2013 (the "Lofts LLC Guaranty"). A true and correct copy of the Lofts LLC Guaranty is attached as <u>Exhibit 3</u> and its terms are incorporated by this reference.

9. Lofts LLC failed to make any payments under the Lofts LLC Notes.

10. Pursuant to Paragraph Six of each of the Lofts LLC Notes, if Lofts LLC failed to pay any installment when due, " the entire principal sum and all accrued interest thereon shall then, at once, become due and payable at the option of Lender."

11. Though not necessary, demand was made on Guadie to perform his Lofts LLC obligations to pay the balance due on the Lofts LLC Notes after Lofts LLC failed and or refused to do so. Despite his obligations to do so, Guadie failed and refused to pay the amounts owed on the Lofts LLC Notes.

2009 M Street LLC Notes

12. At or about the same time, another entity owned and controlled by Guadie, 2009 M Street LLC ("2009 LLC"), borrowed the aggregate sum of $1,267,950 from Santorini, as evidenced by those two separate Deed of Trust Notes dated January 10, 2014, one in the original principal amount of $1,185,000 ("Note 3") and the other in the original principal amount of $82,950 ("Note 4"). True and correct copies of Note 3 and Note 4 are attached as Exhibit 4 and Exhibit 5, respectively, and their terms are incorporated by this reference. (Sometimes hereinafter, Note 3 and Note 4 are collectively referred to as the "2009 LLC Notes.")

13. The 2009 LLC Notes were secured by a Purchase Money Deed of Trust and Security Agreement dated January 10, 2014 from 2009 LLC for the benefit of Santorini in the aggregate amount of $1,267,950 on property commonly known as 2009 M Street, N.E., Washington, D.C. 20002 ("2009 M St.") and recorded with the Washington, D.C. Recorder of Deeds on January 14, 2014 as Instrument No. 2014004535 (the "2009 LLC DOT").

14. The 2009 LLC Notes were further secured by Guadie's unconditional guarantee of the punctual payment and performance by 2009 LLC of all of the obligations set forth in the 2009 LLC Notes, as evidenced by that certain Guaranty dated January 10, 2014 (the "2009 LLC Guaranty"). A true and correct copy of the 2009 LLC Guaranty is attached as Exhibit 6 and its terms are incorporated by this reference.

15. 2009 M failed to make any payments under the 2009 LLC Notes.

16. Pursuant to Paragraph Six of each of the 2009 LLC Notes, if 2009 LLC failed to pay any installment when due, " the entire principal sum and all accrued interest thereon shall then, at once, become due and payable at the option of Lender."

17. Though not necessary, demand was made on Guadie to perform his 2009 LLC obligations to pay the balance due on the 2009 LLC Notes after 2009 LLC failed and or refused to do so. Despite his obligations pursuant to the 2009 LLC Guaranty, Guadie failed and refused to pay the amounts owed on the 2009 LLC Notes.

Foreclosure of the Lofts LLC DOT and the 2009 LLC DOT

18. Thereafter, Santorini exercised its rights under the Lofts LLC DOT and the 2009 LLC DOT and directed a substitute trustee to commence foreclosure proceedings.

19. At the time of the foreclosures, Santorini was owed a balance of $751,112.39 on the Lofts LLC Notes and a balance of $730,431.96 on the 2009 LLC Notes.

20. In addition, in order for the purchaser to obtain marketable title following foreclosure, Santorini expended the amount of $7,100 to settle a lien on the 2005 M Street property imposed by the Department of Consumer and Regulatory Affairs ("DCRA") on Lofts LLC. A true and correct copy of Santorini's cancelled check for payment to DCRA is attached hereto as Exhibit 7.

21. Settlement for the sale of 2005 M Street and 2009 M Street, respectively, occurred on April 27, 2015 at City Title and Escrow Co., Inc. A true and correct copy of the Settlement Statement for 2005 M Street ("2005 M Street HUD") is attached hereto as Exhibit 8. A true and correct copy of the Settlement Statement for 2009 M Street ("2009 M Street HUD") is attached hereto as Exhibit 9.

22. Pursuant to the 2005 M Street HUD, Santorini received proceeds in the amount of $90,215.26 (see line no. 518).

23. Pursuant to the 2009 M Street HUD, Santorini received proceeds in the amount of $81,410.65 (see line no. 518).

24. After applying the 2005 M Street sales proceeds ($90,215.26) to the balance owed on the Lofts LLC Notes ($751,112.39), a deficiency balance remains due and owing to Santorini in the amount of $660,897.13, exclusive of costs and attorneys' fees.

25. After applying the 2009 M Street sales proceeds ($81,410.65) to the balance owed on the 2009 LLC Notes ($730,431.96), a deficiency balance remains due and owing to Santorini in the amount of $649,021.31, exclusive of costs and attorneys' fees.

## *Count I*
### *Breach of Contract – Guadie's Breach of the Lofts LLC Guaranty*

26. Santorini hereby realleges and incorporates herein by reference each of the above allegations as if fully restated herein.

27. The Lofts LLC Guaranty is a valid and enforceable contract between Guadie and Santorini.

28. Following the default by Lofts LLC, Guadie breached his obligations under the Lofts LLC Guaranty by failing to pay Santorini in accordance with its terms.

29. Guadie's breach of the Lofts LLC Guaranty was without legal justification or excuse.

30. As a result of Guadie's breach of the Lofts LLC Guaranty, Santorini has incurred damages in the amount of $660,897.13 plus continuing interest at the rates set forth in Note 1 and Note 2, respectively.

31. Additionally, pursuant to the express terms of the Lofts LLC Guaranty, Guadie is liable for the costs and attorneys' fees incurred by Santorini in this litigation.

## *Count II*
## *Breach of Contract – Guadie's Breach of the 2009 LLC Guaranty*

32. Santorini hereby realleges and incorporates herein by reference each of the above allegations as if fully restated herein.

33. The 2009 LLC Guaranty is a valid and enforceable contract between Guadie and Santorini.

34. Following the default by 2009 LLC, Guadie breached his obligations under the 2009 LLC Guaranty by failing to pay Santorini in accordance with its terms.

35. Guadie's breach of the 2009 LLC Guaranty is without legal justification or excuse.

36. As a result of Guadie's breach of the 2009 LLC Guaranty, Santorini has incurred damages in the amount of $649,021.31 plus continuing interest at the rates set forth in Note 3 and Note 4, respectively.

37. Additionally, pursuant to the express terms of the 2009 LLC Guaranty, Guadie is liable for the costs and attorneys' fees incurred by Santorini in this litigation.

WHEREFORE, Santorini respectfully requests the following relief:

A.    Judgment against Guadie in the aggregate amount of $1,309,918.44 plus continuing interest at the rates set forth in Note 1, Note 2, Note 3 and Note 4, respectively;

B.    An award of the costs of this suit, including reasonable attorneys' fees; and

C.    Such other relief as the Court deems just and proper.

Respectfully Submitted,

**FRIEDLANDER MISLER, PLLC**

By: *Lindsay Thompson*
Robert E. Greenberg, Esq.
Thomas F. Murphy, Esq. (VSB No. 44386)
Lindsay A. Thompson, Esq. (VSB No. 83175)
5335 Wisconsin Avenue, N.W.
Suite 600
Washington, D.C. 20015
(202) 872-0800; (202) 857-8343 (facsimile)
rgreenberg@dclawfirm.com
tmurphy@dclawfirm.com
lathompson@dclawfirm.com
*Attorneys for Plaintiff*